Per Curiam.

We shall not go into the first and second grounds urged by the defendant in his defence, but take up this matter on the last ground ; the two first being very pro» per for the consideration of the prize court, in which the property was libelled, or a court of appeals, if an appeal had been made ; as they involve in them the question of pr ze, or no prize, which exclusively belongs to the admiralty jurisdiction.
This court is bound by common law rules ; and its decisions must bé squared by those principles only. What are the leading features in this case ? Why, that property has been taken, supposed to be enemy’s property, and libelled in a court of admiralty, and condemned; which sentence changed and transferred it from the original owner to the captors. Shall this court, then, go into a consideration of all the circumstances of this case ? If they did, it would be trying the legality of the capture over again. We have no such power. We are bound by the sentence of the court of admiralty in North-Carolina, until reversed by some competent authority, and are obliged to give due faith and credit to all its proceedings. The act of confederation is conclusive as to this point, and the law of nations, is equally strong upon it. 2 Ld. Raym. 935, 6. Carth. 31. 1 Atk. 43. Ii, indeed, the property had been carried off, and there had been no condemnation in a court of competent jurisdiction, then the whole circumstances of the case would have been open for a full investigation, agreeable io the principles of the common law. And if there had been no legal divestment of property, the plaintiff Inight have supported his action. Or, if the negroes' had returned within the jurisdiction of the state of South-Caro- *11 Uno-, before condemnation, the, jus postliminium might have applied, and the original owner might have been restored to his property again. But as the case now stands before the court, the defendant is certainly entitled to a verdict.
Jury found for defendant accordingly.